**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                                                        **PLAINTIFF**
**upon the relation and for the use of the**
**Tennessee Valley Authority**

**V.**                                                                        **NO. 3:19-CV-110-DMB-RP**

**AN EASEMENT AND RIGHT-OF-WAY**
**OVER 2.43 ACRES OF LAND, MORE OR**
**LESS, IN YALOBUSHA COUNTY,**
**MISSISSIPPI, and WILL HORTON**                                                                        **DEFENDANTS**

**ORDER**

On August 20, 2019, the Tennessee Valley Authority filed a "Motion for Entry of a Proposed Judgment and Order Disbursing Funds." Doc. #11. The motion asks the Court to enter an attached proposed consent judgment signed by the parties. *Id.*

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (citations and quotation marks omitted) (citing *Williams v. City of New Orleans*, 729 F.2d 1554, 1559 (5th Cir. 1984) and *United States v. City of Miami*, 664 F.2d 435, 441 (5th Cir. 1981)).

The Court has reviewed the proposed consent judgment, which confirms the vesting of title in the United States of America with respect to certain property in exchange for a $4,550 payment to Will Horton, *see* Doc. #11-1 at 1–2, and believes that the judgment represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes

that, except for providing for the payment of "any accrued interest" on the funds deposited into the Court's registry,[1] the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation, which is a condemnation action.

Accordingly, the motion for entry of a consent judgment [11] is **GRANTED in Part and DENIED in Part**. The motion is DENIED to the extent it seeks entry of a consent judgment which provides for accrued interest on the amount paid into the Court. The motion is GRANTED in all other respects. In the absence of an objection from the parties within seven (7) days of the entry of this order, a judgment consistent with the parties' proposed consent judgment, except for the interest provision, will be entered.

**SO ORDERED**, this 7th day of January, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[1] "Interest shall not be allowed on as much of the compensation as has been paid into the court." 40 U.S.C. § 3114(c)(1). This provision has been interpreted to mean interest "is awarded only upon the excess of any amount finally awarded as just compensation over the amount deposited by the government as its estimate of the just compensation for the land taken." 7 FED. PROC., L. ED. § 14:164. The amount awarded did not exceed the amount deposited by the Government. The Court therefore will not include the provision for interest in the consent judgment.